IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 1:14-cr-10021-JDB-1

JOHN BARNETT, III,

    Defendant.

_____

ORDER DENYING DEFENDANT RELIEF UNDER THE FIRST STEP ACT OF 2018
_____

In a letter filed December 31, 2018, the Defendant, John Barnett, III, sought relief in the form of a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 61.) On May 8, 2019, Assistant Federal Defender LaRonda R. Martin filed a Notice of Completed Review, in which she opined that Barnett was ineligible for relief. (D.E. 65.) In its response filed June 19, 2019, the Government concurred. (D.E. 67.)

The Defendant was indicted in this district on March 17, 2014, for various drug and firearms offenses, including possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (D.E. 2.) The charged offenses occurred in 2012. Pursuant to a guilty plea, he was sentenced on April 3, 2015, to a total of 132 months' incarceration, to be followed by three years of supervised release. (D.E. 51.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)).  However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590).  While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant.  § 404(b), 132 Stat. at 5222.  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  § 404(a), 132 Stat. at 5222.

The crimes for which Barnett was convicted are not "covered offenses" for FSA purposes.  First, at sentencing, he was subject to a statutory penalty of zero to twenty years' imprisonment under 21 U.S.C. § 841(b)(1)(C).  This penalty was not modified by the Fair Sentencing Act of 2010 and, therefore, his offenses do not fall under the umbrella of the FSA.  Secondly, his offenses were not committed before August 3, 2010.   Accordingly, Defendant is not entitled to relief and his request is DENIED.

IT IS SO ORDERED this 21st day of August 2019.

             s/ J. DANIEL BREEN
             UNITED STATES DISTRICT JUDGE